IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HADASSAH, THE WOMEN'S ZIONIST ORGANIZATION OF AMERICA, INC., )<br><br>*Plaintiff,* )<br><br>-against- )<br><br>YUDITH ESTHER ALVAREZ,  ESTHER HADASSAH COSMETICS INTERNATIONAL LLC, )<br>*Defendants.* ) | Case No.: _____ |

## COMPLAINT

For its complaint plaintiff alleges and avers as follows:

## PARTIES

1.      Plaintiff Hadassah, The Women's Zionist Organization of America, Inc. ("Hadassah") is, and at all relevant times has been, a non-profit organization organized and existing under the laws of the State of New York.  Hadassah has an office at 50 West 58th Street, New York, New York 10019.

2.      Upon information and belief, defendant Yudith Esther Alvarez ("Alvarez") is an individual with an address at 159 Essex Street, Lawrence, Massachusetts 01840.   Upon information and belief, Alvarez is the owner and manager of Defendant Esther Hadassah.  She is also the administrative contact for the website http://www.estherhadassah.com.

3.      Defendant Esther Hadassah Cosmetics International LLC is a Massachusetts corporation with an address at 159 Essex Street, Lawrence, Massachusetts 01840 and an Internet presence at http://www.estherhadassah.com ("Defendant Esther Hadassah").  Attached hereto as

Exhibit A is a copy of the Secretary of the Commonwealth of Massachusetts's record for Esther Hadassah.

## NATURE OF THIS ACTION

4.      This is an action for (i) trademark infringement under Section 32 of the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. § 1114(1)(a); (ii) false designation of origin and false representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) trademark dilution under Section 43(c) of the Lanham Act, as amended, 15 U.S.C. § 1125(c); and (iv) trademark infringement, unfair competition, dilution and unjust enrichment under the common and statutory law of Massachusetts.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and 1367.

6.      In addition, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332, because Plaintiff is a citizen of the State of New York and Defendants are citizens of the State of Massachusetts and the amount in controversy exceeds $ 75,000, exclusive of interest and costs.

7.      Venue is proper under 28 U.S.C. § 1391 because Defendants reside in this judicial district.

## FACTS

### Hadassah, The Women's Zionist Organization of America, Inc.'s Marks

8.      Since 1912, Hadassah has operated as a volunteer women's organization providing educational, health and spiritual services in the United States and throughout the

world.  Hadassah is dedicated to fostering the ethics and ideals of Judaism while offering programs, services, products and activities for the furtherance of women's, youth's and familial health, education and well-being.

9.      Hadassah operates as a tax exempt, public charitable organization under Section 501(c)(3) of the United States Tax Code, I.R.C. §501(c)(3).

10.     Hadassah owns the following trademarks, which are registered with the United States Patent and Trademark Office ("PTO") (together, the "HADASSAH Marks"):

| Mark | Reg. No./ Date | Goods / Services |
| --- | --- | --- |
| HADASSAH | 2,376,815 08/15/2000 | Pre-recorded video tapes and pre-recorded audio cassette tapes, in the field of education, Zionism, Judaism, health and women's issues; and magnets (Class 9); First use since 1991<br><br>Printed materials, namely, a series of nonfiction books and brochures, in the field of education, Zionism, Judaism, health and women's issues; greeting cards, printed certificates, calendars, address books, stickers, printed display cards, paper place mats and writing instruments (Class 16); First use since 1917<br><br>Clothing, namely, T-shirts and ties, (Class 25); First use since 1995<br><br>Education in the field of reading and writing, Judaism and Zionism (Class 41); First use since 1912<br><br>Educational services, namely, conducting classes, in the field of family and home; women and the workplace; social action; and self and spirituality (Class 42). First use since 1912 |
|  | 2,376,813 08/15/2000 | Pre-recorded video tapes and pre-recorded audio cassette tapes, in the field of education, Zionism, Judaism, health and women's issues; and magnets (Class 9); First use since 1991<br><br>Printed materials, namely, a series of nonfiction books and brochures, in the field of education, Zionism, Judaism, health and women's issues; greeting cards, printed certificates, calendars, address books, stickers, printed display cards, paper place mats and writing instruments (Class 16); First use since 1990<br><br>Clothing, namely, T-shirts and ties, (Class 25);  First use since 1995 |

| | | |
|---|---|---|
| | | Education in the field of reading and writing, Judaism and Zionism (Class 41); First use since 1912<br><br>Educational services, namely, conducting classes, in the field of family and home; women and the workplace; social action; and self and spirituality (Class 42). First use since 1912 |
|  | 2,376,814<br>08/15/2000 | Printed materials, namely, a series of nonfiction books and brochures, in the field of education, Zionism, Judaism, health and women's issues; greeting cards, printed certificates, calendars, address books, stickers, printed display cards, paper place mats and writing instruments (Class 16); First use since 1990<br><br>Education in the field of reading and writing, Judaism and Zionism (Class 41); First use since 1990<br><br>Educational services, namely, conducting classes, in the field of family and home; women and the workplace; social action; and self and spirituality (Class 42). First use since 1990 |
| HADASSAH | 2,629,782<br>10/08/2002 | Printed publications, namely, bulletins, newsletters, pamphlets, and magazines featuring topics in the field of education, Zionism, Judaism, health and women's issues, family matters and medical issues, travel and tourist information (Class 16); First use since 1914<br><br>Computerized on-line ordering services and ordering services featuring greeting cards, printed certificates, calendars, address books, stickers, printed display cards, clothing, novelty items, pre-recorded video tapes, and pre-recorded audio cassettes (Class 35); First use since August 1995<br><br>Computerized on-line travel services, namely, the arranging of itineraries, hotel bookings, and travel tips; travel services, namely, making reservations and bookings for transportation; travel information services; arranging travel tours, tour guide services; arranging excursions for tourists; conducting sightseeing tours for others; arranging for travel services for persons traveling abroad (Class 39); First use since March 1952<br><br>Computerized on-line information pertaining to education in the fields of reading, and writing, Judaism and Zionism (Class 41); First use since August 1995<br><br>Computer services, namely, providing on-line publications in the nature of magazines, a series of nonfiction books and brochures, in the fields of education, Zionism, Judaism, health and women's issues; providing a on-line computer |

| | | |
|---|---|---|
| | | website of information pertaining to charitable services; charitable services, namely, providing food, clothing and/or medicine, and health care services, promoting public awareness of the need for healthcare, education and the well-being of women and the family; and medical services; computer services, namely providing search engines for obtaining data on a global computer network, association services, namely, promoting the interests of Judaism and Zionism (Class 42). First use since August 1995 |
|  | 2,380,591 08/29/2000 | Printed materials, namely, a series of nonfiction books and brochures, in the field of education, Zionism, Judaism, health and women's issues; greeting cards, printed certificates, calendars, address books, stickers, printed display cards, paper place mats and writing instruments (Class 16);  First use since 1990

Education in the field of reading and writing, Judaism and Zionism (Class 41);  First use since 1990

Educational services, namely, conducting classes, in the field of family and home; women and the workplace; social action; and self and spirituality (Class 42);  First use since 1990 |
|  | 2,737,962 07/15/2003 | Educational services, providing seminars, workshops, and conferences in the field of women, stereotypes and the entertainment industry; computer on-line services offered over the worldwide global communications network featuring information about women, stereotypes and the entertainment industry (Class 41);  First use since December 2001 |
| HADASSAH | 3,559,766 01/13/2009 | Jewelry (Class 14);  First use since 1941 |
| ESTHER | 2,991,484 09/16/2005 | Pearls, diamonds and for jewelry set with pearls, diamonds, or precious or semi-precious gemstones (Class 14); First use since June 25, 2004 |

11.    Copies of the certificates of registration for the HADASSAH Marks are attached hereto as Exhibits B-I.

12.    Each of the above registrations is valid, subsisting, and in full force and effect.

13.    Each of the registrations identified in Exhibit B-G is incontestable in accordance with the provisions of 15 U.S.C. § 1065.

14.     ESTHER and HADASSAH refer to the same biblical character and, thus, have interchangeable meanings.

15.     Each of the registrations identified in Exhibits B, C, D, G, and H state: "The English translation of 'HADASSAH' is 'ESTHER.'"

16.     The HADASSAH Marks are distinctive and famous.  They are widely recognized throughout the United States for a wide range of services and goods.  The HADASSAH Marks are strongly associated with women.

17.     Hadassah has been conducting business using the HADASSAH Marks throughout the United States including in this judicial district and elsewhere for over ninety years.

18.     Hadassah has spent significant resources advertising its goods and services throughout the United States, including in this judicial district and elsewhere.

19.     The public, thus, strongly associates and identifies the HADASSAH Marks with Hadassah.

20.     There is a substantial demand for goods and services associated with the HADASSAH Marks and, therefore, the goodwill and right to provide goods and services under the HADASSAH Marks are valuable commercial property rights.

Defendants' Infringing Activities

21.     On information and belief, long after Hadassah's adoption and use of the HADASSAH Marks, and long after the HADASSAH Marks became famous and distinctive and without Hadassah's consent, Defendants adopted and began use of ESTHER HADASSAH as a company name and as a brand name to identify: (a) an online retail store selling cosmetics and (b) the actual cosmetic products.

71021912.1

22.     On May 11, 2010, Defendants applied to the PTO for a trademark registration for the name ESTHER HADASSAH to identify cosmetic products.  Attached hereto as Exhibit J is Defendants' PTO application.

23.     In February 2011, Defendants filed a specimen of use showing use of ESTHER HADASSAH on cosmetic products.  Attached hereto as Exhibit K is the specimen of use filed by Defendants with the PTO.

24.     Defendants also use ESTHER HADASSAH as part of the domain name http://www.estherhadassah.com, through which products are intended to be sold to the public. Attached as Exhibit L are copies of current and past ESTHER HADASSAH website pages displaying prominently the mark ESTHER HADASSAH on the website and on products.

25.     Although Hadassah asked Defendants to stop using ESTHER HADASSAH and informed Defendants of Hadassah's prior exclusive rights in the marks HADASSAH and ESTHER, Defendants refused to stop.

26.     Upon information and belief, Defendants' selection and continued use of the HADASSAH Marks is willful and with full knowledge of Hadassah's prior rights and of Hadassah's objection to Defendants' use thereof.

27.     Defendants' use of ESTHER HADASSAH in connection with cosmetics products and related retail store services targeted at women is likely to cause confusion, mistake and/or deceit of the public as to an affiliation, association or sponsorship of Defendants' products by Hadassah.

28.     Defendants' offering of goods and services in connection with ESTHER HADASSAH tends falsely to represent that the goods and services originate from Hadassah or

that said goods and services have been sponsored, approved or licensed by Hadassah or are in some way affiliated or connected with Hadassah.

29.     Defendants' use of ESTHER HADASSAH, or variations thereof, is impairing the distinctiveness of Hadassah's valuable rights in and to the HADASSAH Marks.

30.     Defendants' use of ESTHER HADASSAH, or variations thereof, is likely to continue to dilute the HADASSAH Marks.

31.     By appropriating the goodwill of Hadassah's widely known and respected HADASSAH Marks, Defendants unjustly enrich themselves.

32.     Hadassah has no adequate remedy at law.

33.     Defendants' conduct, if not enjoined, will cause irreparable damage to Hadassah's rights in the HADASSAH Marks, and to its reputation and goodwill-associated strength.

<u>COUNT I</u>

<u>Federal Trademark Infringement</u>

[15 U.S.C. § 1114(1)(a)]

34.     Hadassah repeats and realleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

35.     The acts of Defendants complained of herein constitute infringement of Hadassah's federally registered trademarks and services marks under Section 32 of the Lanham Act, 15 U.S.C. § 1114 (1)(a).

COUNT II

False Designation of Origin and False Representation

[15 U.S.C. § 1125(a)]

36.　　Hadassah repeats and realleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

37.　　The acts of Defendants complained of herein constitute false designation of origin and false representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

COUNT III

Federal Trademark Dilution

[15 U.S.C. § 1125(c)(1)]

38.　　Hadassah repeats and realleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

39.　　The acts of Defendants complained of herein are likely to dilute the HADASSAH Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

COUNT IV

Massachusetts Injury to Business

[M.G.L. 110H § 13]

40.　　Hadassah repeats and realleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

41.　　The acts of Defendants complained of herein are likely to injure the business reputation of Hadassah in violation of M.G.L. 110H § 13.

COUNT V

Massachusetts Trademark Dilution

[M.G.L. 110H § 13]

42.     Hadassah repeats and realleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

43.     The acts of Defendants complained of herein are likely to dilute the distinctive quality of the HADASSAH Marks in violation of M.G.L. 110H § 13.

COUNT VI

Common Law Unfair Competition

44.     Hadassah repeats and realleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

45.     The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Massachusetts.

COUNT VII

Common Law Unjust Enrichment

46.     Hadassah repeats and realleges all of the allegations contained in the preceding paragraphs of the Complaint as though the same were fully written herein.

47.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Hadassah's expense in violation of the common law of the State of Massachusetts.

PRAYER FOR RELIEF

WHEREFORE, Hadassah demands:

1.     That Defendants, their agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, or corporations in active concert or participation with Defendants be preliminarily and permanently enjoined and restrained from:

(a)     using in any manner, on, with or in connection with any of Defendants' services and goods, the words HADASSAH and/or ESTHER alone or in connection with other words or designs including ESTHER HADASSAH, or any word or phrase confusingly similar thereto, including, but not limited to, on or in connection with the website, http://www.estherhadassah.com;

(b)     using in any manner on, with, or in connection with any of Defendants' services and goods, including, but not limited on or in connection with the website, http://www.estherhadassah.com, any of the HADASSAH Marks, as defined herein, or any mark confusingly similar thereto, that is likely to cause confusion, deception, or mistake or that dilutes or is likely to dilute the distinctive quality thereof;

(c)     passing off, inducing, or enabling others to sell or pass off Defendants' services and goods as and for Hadassah's goods and services, including but not limited to, on or in connection with the website, http://www.estherhadassah.com;

(d)     engaging in any other conduct, including but not limited to, on or in connection with the website, http://www.estherhadassah.com, which tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and other members of the public to believe that Defendants' goods and services are connected with Hadassah or are sponsored, approved or licensed by Hadassah, or are in some way connected or affiliated with Hadassah;

(e)     further diluting or infringing the HADASSAH Marks and damaging Hadassah's goodwill, including but not limited to, on or in connection with the website, http://www.estherhadassah.com;

71021912.1

(f)      using any reproduction, counterfeit, copy, or colorable imitation of any of the HADASSAH Marks in connection with Defendants' publicity, promotion, offer to sell, distribution, or advertising of products, including but not limited to, on or in connection with the website, http://www.estherhadassah.com;

(g)      otherwise, competing unfairly with Hadassah in any manner, including but not limited to its operation of the website, http://www.estherhadassah.com; and

(h)      assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (a) through (g).

2.      That Defendants be required to assign to Hadassah all rights, title and interest in any website or URL owned or operated by Defendants, which includes the words ESTHER and HADASSAH or any variations thereof, including but not limited to the website, http://www.estherhadassah.com.

3.      That Defendants be required to deliver to the Court for destruction, or to show proof of destruction of, any and all original, copies and reproductions in their possession or under their control of any goods and promotional and advertising material, and any other unauthorized items which reproduce, copy, counterfeit, imitate, bear or use the Hadassah name or the HADASSAH Marks.

4.      That Defendants be ordered to file with this Court and to serve upon Hadassah, within 30 days after entry and service on Defendants of each injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

5.     That Hadassah recover all damages sustained as a result of Defendants' activities and that said damages be trebled.

6.     That Defendants be required to account for and to pay to Hadassah all of Defendants' profits and all of Hadassah's damages resulting from Defendants' infringing, diluting and other unfair activities.

7.     That Hadassah recover from Defendants its costs of this action, reasonable counsel fees, and prejudgment interest.

8.     That Hadassah recover from Defendants punitive damages; and all other and further relief as the Court may deem just and proper under the circumstances.


Respectfully submitted,

Dated: September 20, 2011


By: /s/ Jennifer B. Furey
Jennifer B. Furey, BBO #:  634174
Cooley Manion Jones LLP
21 Custom House Street
Boston, MA 02110
Tel: (617) 670-8517
Fax: (617) 737-0374

Mark N. Mutterperl
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, NY 10103
Tel: (212) 318-3000
Fax: (212) 318-3400
(PRO HAC VICE TO BE SUBMITTED)

*Attorneys for Plaintiff Hadassah, the Women's Zionist Organization of America, Inc.*